**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RICKIE SPARKS, ) | CASE NO:   1:12-CV-1480 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | VECCHIARELLI |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Defendant. | |

Marcia W. Margolius, ("Counsel") counsel for Plaintiff, Rickie Sparks ("Plaintiff"), petitions this Court for approval of attorney's fees pursuant to 42 U.S.C. 406(b)(1) ("§ 406(b)(1)") in the total amount of $5,617.50.  (Doc. No. 20.)  In her response to the motion, Defendant, the Acting Commissioner of Social Security ("Commissioner"), indicates that she does not oppose the motion for fees.  (Doc. No. 22.)  For the reasons set forth below, the motion is GRANTED.

## I.   BACKGROUND

In October 2007, Plaintiff filed applications for Disability Insurance Benefits ("DIB"), Period of Disability ("PID")  and Supplemental Security Income ("SSI"), alleging a disability onset date of September 1, 2004.  (Transcript ("Tr.") 20.)  The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ").  (*Id*.)  On November 2, 2010, an ALJ conducted a hearing.  (*Id*.)  On November 24, 2010, the ALJ found Plaintiff not disabled.  (Tr. 20-26.)  In May 2012, the Appeals Council declined to review the ALJ's decision, and that

decision became the final decision of the Commissioner.  (Tr. 1.)

On June 6, 2012, Plaintiff filed her Complaint challenging the Commissioner's final decision.  (Doc. No. 1.)   In October 2012, Plaintiff filed her brief.  (Doc. No. 14.)  In December 2012, the Commissioner filed a motion to remand this case to the Social Security Administration.  (Doc. No. 16.)  Thereafter, this Court granted the motion and remanded the case for further administrative proceedings.  (Doc. No. 19.)

In April 2014, Counsel filed a motion for attorney's fees under § 406(b)(1) and sought $5,617.50 based on her contingency fee agreement with Plaintiff.  (Doc. No. 20.)  Counsel attached the following: (1) her time sheet; (2) her resume; (3) Plaintiff's March 10, 2014 Notice of Award of retroactive benefits; and (4) a February 5, 2008 contingent fee agreement between Plaintiff and Counsel.  (Doc. No. 20.)  Thereafter, the Commissioner filed a response to the motion for attorney's fees, indicating that the Commissioner does not oppose Counsel's request.  (Doc. No. 22.) )  In April 2014, in response to this Court's order that she do so, Counsel filed a certificate and a supplemental notice reflecting that she had notified Plaintiff of the filing of the fee motion and provided Plaintiff with a copy of this Court's order, which directed Plaintiff to file any objection to the fee motion by or on May 6, 2014.  (Doc. Nos. 23, 24, 25.)  To date, Plaintiff has not filed any objections.

Counsel's time sheet indicates that Counsel expended 16.05 hours on services rendered in this case before this Court.  (Doc. No. 20-3.)  The Notice of Award indicates that Plaintiff was entitled to past-due benefits for the period commencing May 2009, and that the Social Security Administration withheld 25 percent of Plaintiff's total past

2

due benefits – $10,751.25 – to pay for any attorney's fees.[1] (Doc. No. 20-1.) The fee agreement between Plaintiff and Counsel indicates that, if Plaintiff's claim were appealed to the Appeals Council or to Federal Court, Plaintiff would pay Counsel 25 percent of all past due benefits. (Doc. No. 20-2.)

## II. LAW & ANALYSIS

Section 406(b)(1)(A) provides for the payment of an attorney's contingency fee from an award of benefits:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

See also *Horenstein v. Sec'y of Health & Human Servs.,* 35 F.3d 261, 262 (6th Cir. 1994). A court may award attorney's fees only for work performed before it. *Id.* Due deference should be given to the expression of the intentions of client and attorney in setting fees. *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). A twenty-five percent fee agreement between attorney and client should not be viewed as reasonable *per se*, but such a fee should be accorded a rebuttable presumption of reasonableness. *Id.* If deductions are to be made in the fee, they should generally be one of two types: (1) deductions occasioned by counsel's improper conduct or ineffectiveness, or

---

[1] The notice of award does not state the amount of past-due benefits paid to Plaintiff. The notice, however, indicated that $10,751.25 constituted 25% of the past-due amount. (Doc. No. 20-1.) Accordingly, this Court assumes that Plaintiff received $43,005.00 in past-due benefits.

3

(2) deductions to prevent a windfall resulting from either an inordinately large award, or minimal effort expended.  *Id.*  In any event, "such fees may not . . . be greater than 25 percent of the amount of back benefits accumulated by three months after the case was ready for decision by the district court."  *Dearing v. Sec'y of Health & Human Servs.*, 815 F.2d 1082, 1084 (6th Cir. 1987).

Contingent fees may translate into large hourly rates.  A large hourly rate in a particular case, however, is not necessarily grounds for finding the rate to be unreasonable:

> In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time.  The hourly rate in the next contingent fee case will be zero, unless benefits are awarded.  Contingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast.

*Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990).  A contingent fee that translates into a large hourly rate is *per se* reasonable and not a windfall if the hourly rate resulting from the contingent fee is less than twice the standard rate for such work in the relevant market.  *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).  Finally, it is well established that, where a claimant has been awarded fees under the EAJA, and where counsel is awarded fees under § 406(b)(1), counsel must refund the amount of the smaller fee to the claimant. *See Jankovich v. Bowen*, 868 F.2d 867, 871, n.1 (6th Cir. 1989); *see also Tharp v. Comm'r of Soc. Sec.*, No. 1:08-CV-542, 2011 WL 3438431, *21 (S.D. Ohio Aug. 5, 2011) ("In the situation of a dual entitlement, the attorney must refund the amount of the smaller fee to the claimant.").

4

Here, there is no indication of improper conduct or ineffectiveness of counsel. Nor does the requested contingent fee appear to represent a windfall.  Counsel's total requested contingency fee constitutes 21.3 percent of Plaintiff's award for the period of time up to three months after this case was ready for review by this Court[2] and 13 percent of Plaintiff's total award.  It is $5,133.75 less than the amount withheld by the Social Security Administration to pay for attorney's fees.  Finally, neither Plaintiff nor the Commissioner has any objections to Counsel's motion.  Accordingly, and for the foregoing reasons, the Court concludes that Counsel's requested contingency fee in the amount of $5,617.50 is reasonable and appropriate under the circumstances of this case.

### III.    CONCLUSION

For the foregoing reasons, Counsel's motion for attorney's fees (Doc. No. 20) is GRANTED.

**IT IS SO ORDERED**.

                                          *s/ Nancy A. Vecchiarelli*_____
                                          U.S. Magistrate Judge

Date: June 23, 2014

---

[2] This case was ripe for review on or about December 20, 2012, when the Commissioner filed her amended motion to remand the case for further administrative proceedings.  *See* *Webb v. Richardson*, 472 F.2d 529, 538 (6th Cir. 1972), *overruled in part on other grounds*, *Horenstein*, 35 F.3d at 263 ("In no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months of the submission of the Secretary's reply brief.").  The amount of benefits awarded between May 2009 and March 2013 – three months after this case was ripe for review – totals approximately $ 26,333.  (*See* Doc. No. 20-1.)